Albert Gjergi **LJUCOVIC**, Petitioner,

v.

Michael B. **MUKASEY**, Respondent.

No. 08–1252–ag.

United States Court of Appeals, Second Circuit.

Aug. 20, 2008.

Charles Christophe, New York, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General, Civil Division, Anthony C. Payne, Senior Litigation Counsel, Ali Manuchehry, Trial Attorney, U.S. Department of Justice, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. GUIDO CALABRESI, and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Albert Gjergi Ljucovic, a native and citizen of Montenegro, seeks review of the February 29, 2008 order of the BIA denying his motion to reopen. *In re Albert Gjergi Ljucovic,* No. A95 369 687 (B.I.A. Feb. 29, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA denies a motion to reopen, we review the BIA's decision for an abuse of discretion. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted). In conducting our review, we remain mindful of the Supreme Court's admonition that motions to reopen are "disfavored." *See Maghradze v. Gonzales,* 462 F.3d 150, 154 (2d Cir.2006) (citing *INS v. Abudu,* 485 U.S. 94, 107, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988)).

The BIA did not abuse its discretion in denying Ljucovic's motion to reopen. Here, it is undisputed that Lujcovic's motion to reopen was untimely where it was not filed within 90 days of the agency's final administrative decision in December 2004. *See* 8 C.F.R. § 1003.2(c)(2). However, Ljucovic argues that the BIA erred in denying his motion to reopen where it was based on changed country conditions in Montenegro. We conclude that the BIA reasonably found that the documents Lujcovic submitted did not establish changed country conditions in Montenegro. At most, the documents submitted established a continued level of unrest in areas of Montenegro, not materially changed country conditions. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii). Ultimately, after considering the record as a whole, the BIA did not abuse its discretion in denying Ljucovic's motion to reopen. *See Ke Zhen Zhao,* 265 F.3d at 97. To the extent Ljucovic argues that the BIA erred in declining to reopen his proceedings sua sponte, that decision was "entirely discretionary" and beyond the scope of our review. *Ali v. Gonzales,* 448 F.3d 515, 518 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).